HENRY M. STEARNS, APPELLANT, *v.* CHARLES L. ALLEN AND OTHERS, RESPONDENTS.

*Note given by trustees — when they are not liable upon it individually.*

APPEAL from a judgment in favor of the defendants, entered upon a verdict directed at the circuit.

The action was brought by the plaintiff against the defendants, personally, on a promissory note, of which the following is a copy:

" $125.00.

" On or before the 1st day of April, 1876, we promise to pay, *as trustees of Corinth Lodge* No. 683, F. and A. M., to D. V. Sturdevan or bearer one hundred and twenty-five dollars, with interest payable annually. Note payable at N. W. Buckmaster's store when due.

"*April* 25, 1874.

> " CHAS. L. ALLEN.
> " N. W. BUCKMASTER.
> " M. OWENS."

The defendants in their answer set up the fact that the note in question was given by them as duly elected and acting trustees of Corinth Lodge No. 683 of Free and Accepted Masons, a corporation duly organized and empowered to transact such business, and that

they, as such trustees and officers, were duly authorized by the lodge to give said promissory note, and that the same was given for a debt of said lodge and accepted as its obligation, and that they received no part of the proceeds thereof and denied their liability thereon.

Upon the trial the defendants were allowed, against the plaintiff's objection and exception, to prove the facts so set up. The court thereupon directed a verdict in their favor.

The court at General Term said: "As I understand this case it presents the precise question considered and determined in *Hood* v. *Hallenbeck* (7 Hun, 362). The question was examined by me in that case with great care on the authorities, and I can only add that a re examination of them confirms me in the conclusions there reached and declared. The question in very nearly the same form was again under examination in *Whitford* v. *Laidler*,\* decided at the last General Term in this department, where in a dissenting opinion I repeated to some extent my own views of the law on the point here before us for discussion, which views are in entire harmony with those expressed in *Hood* v. *Hallenbeck*. For myself I am satisfied that the latter case was well decided, as the law is settled by numerous decisions in this State. In *Whitford* v. *Laidler* I took occasion to say that the decisions in some of our sister States were not, as I thought, in harmony with those of our own State. Following the decision in *Hood* v. *Hallenbeck*, and the many decisions referred to in the opinion in that case. the judgment here ordered should be affirmed.

Judgment affirmed, with costs."

*A. Pond*, for the appellant.

*J. W. Houghton*, for the respondents.

Opinion by BOCKES, J.

LEARNED, P. J., and BOARDMAN, J., concurred in result.

Judgment affirmed, with costs.

---

\* *Ante*, page 136.